WILLIAM AUGUSTINE, as Administrator of the Estate of BERNARD AUGUSTINE, Deceased, Respondent, v. FRANK MARCHEWKA, Appellant.

*Negligence — motor vehicle — boy struck and killed by automobile while crossing street.*

*Augustine* v. *Marchewka*, 202 App. Div. 765, affirmed.

(Argued December 6, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 5, 1922, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The intestate, a boy thirteen years of age, while crossing Third avenue in the city of Schenectady, was struck and killed by defendant's automobile. The complaint alleged that defendant was driving without keeping a proper lookout and without proper headlights, at an excessive rate of speed on the wrong side of the highway, and failed to give warning of his approach.

*P. C. Dugan* for appellant.

*W. A. Fullerton* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

DOROTHY BRENNER, an Infant, by BENJAMIN BRENNER, Her Guardian ad Litem, Respondent, v. THE AGUILAR CORPORATION, Appellant.

*Negligence — elevators — action to recover for personal injuries sustained by fall of elevator.*

*Brenner* v. *Aguilar Corporation*, 200 App. Div. 895, affirmed.

(Submitted December 6, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 15, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon

a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff, who was employed· by the Ault Woolen Company, a tenant on the tenth floor of the defendant's building. On August 31, 1920, about six o'clock P. M., when the employees of the respective tenants were leaving the building she entered the elevator at the tenth floor; others followed her; the elevator operator closed the door which was on the floor of the building; the elevator descended two or thrce feet; the suspending cable broke and the elevator fell uncontrolled and as dead weight to the bottom of the shaft. Immediately after the fall the counter-weights fell from their guide rails and crashed through the top of the elevator.

*Alfred C. Petté, MacIntosh Kellogg* and *James B. Henney* for appellant.

*Gilbert D. Steiner* and *John C. Robinson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

BRIDGET E. HAIGHT, Respondent, *v.* CITY OF LOCKPORT, Appellant, Impleaded with Others.

*Negligence — municipal corporations — obstruction in street — when municipality liable for injuries occasioned from fall over step or plat-. form on sidewalk in front of building.*

Haight v. *City of Lockport,* 199 App. Div. 953, affirmed.

(Argued December 6, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered· November 28, 1921, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. The complaint alleged that defendant, appellant, negligently omitted to keep Main street in the city of Lockport free from obstructions and wrongfully permitted the maintenance of a step or platform on the south sidewalk